UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., an Italian Corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALEXANDER CHEUNG, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:18-cv-03649-JAK (RAOx)<br><br>**ORDER RE STIPULATION TO ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ACTION WITH PREJUDICE (DKT. 53)**<br><br>**JS-6** |

　　　Based on a review of the Stipulation to Entry of Permanent Injunction and Dismissal of Action with Prejudice (the "Stipulation") (Dkt. 53), sufficient good cause has been shown. Therefore, the Stipulation is **APPROVED**.

　　　Whereas, Plaintiff Luxottica Group S.p.A. ("Luxottica" or "Plaintiff") filed a Complaint in this action charging Defendant Alexander Cheung (hereinafter, "Defendant") with Trademark Infringement and False Designations of Origin under the Lanham Act, as well as Trademark Infringement, and Unfair Competition under the common and state laws of the State of California arising from Defendant's alleged illegal importation, distribution, offering for sale, and/or sale of products bearing

counterfeit reproductions of the Ray-Ban Marks (defined below).

Whereas, the parties hereto desire to fully settle all of the claims between them. Whereas, the parties herein have simultaneously entered into a confidential Settlement Agreement and Mutual Release. Whereas, Defendant has agreed to the below terms of a permanent injunction.

It is hereby ordered that

1. Luxottica is the owner of various Ray-Ban trademarks (collectively, the "Ray-Ban Marks"), including but not limited the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18. |
| | | cloths for cleaning ophthalmic products, in class 21. |
| | | clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18. |

|  | | |
|---|---|---|
|  |  | clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
|  | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
|  | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

2. Defendant shall immediately and permanently cease the manufacture, purchase, production, distribution, circulation, sale, offering for sale, importation, exportation, advertising, promotion, display, shipment, marketing or incorporation in advertising or marketing the Ray-Ban Marks and/or eyewear bearing counterfeit reproductions of the Ray-Ban Marks and/or products bearing marks identical, substantially indistinguishable, and/or confusingly similar to the Ray-Ban Marks.

3. Defendant shall not deliver, hold for sale, transfer or otherwise move, store or dispose in any manner products, advertisements, and/or marketing materials bearing the Ray-Ban Marks or marks identical, substantially indistinguishable, and/or confusingly similar to the Ray-Ban Marks.

4. Defendant shall not knowingly assist, aid or attempt to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2 or 3 above.

5. This Court has jurisdiction over the parties herein and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

6. The execution of this stipulation shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of Defendant shall not have preclusive effect on any other parties, actual or potential, who are not specifically and expressly released herein or in the parties' confidential settlement agreement, all claims against whom Plaintiff expressly reserves.

1 | 7. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

2 | 8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the enforcement, construction, and/or modification of this Stipulation/Order as well as the parties' confidential settlement agreement in connection with this action.

9. Except as otherwise provided herein, Luxottica's claims against Defendant Alexander Cheung are fully resolved and dismissed with prejudice.

IT IS SO ORDERED.

Dated: January 31, 2020      _____
                             JOHN A. KRONSTADT
                             UNITED STATES DISTRICT JUDGE